IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIENEMAH T. GAYE, | : | |
|     Petitioner | : | No. 1:23-cv-01987 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| WARDEN WASHINGTON, | : | |
|     Respondent | : | |

**MEMORANDUM**

Presently before the Court is pro se Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the Court will dismiss the petition as moot.

**I.    BACKGROUND**

Pro se Petitioner Sienemah T. Gaye ("Gaye") commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a supplement to the petition, both of which the Clerk of Court docketed on December 4, 2023. (Doc. Nos. 1, 2.) In the petition, Gaye asserted that the Federal Bureau of Prisons ("BOP") had failed to properly calculate time credits he had earned under the First Step Act ("FSA") towards his release to a halfway house. (Doc. No. 1 at 3, 9.)

Gaye had neither remitted the filing fee nor applied for leave to proceed in forma pauperis, as such, an Administrative Order issued requiring him to either pay the fee or seek leave to proceed in forma pauperis. (Doc. No. 3.) Gaye timely complied with the Administrative Order by remitting the filing fee on December 7, 2023. (Unnumbered Docket Entry Between Doc. Nos. 4 and 5.)

The Court issued an Order on December 28, 2023, which, inter alia, directed Respondent to file a response to the habeas petition. (Doc. No. 6.) Respondent timely complied with this Order by filing a response in opposition to the petition on January 17, 2024. (Doc. No. 7.) In

this response, Respondent suggested that the petition was moot because the BOP had awarded Gaye his FSA time credits. (Id. at 1.)

On January 19, 2024, the Court issued an Order directing Gaye to specifically respond to Respondent's suggestion of mootness. (Doc. No. 8.) On February 21, 2024, Gaye filed a response to the suggestion of mootness along with a traverse (Doc. No. 11), and he separately filed a motion for summary judgment with a supporting brief (Doc. Nos. 12, 13). Gaye later filed exhibits in support of these submissions and a supplement to his response to the suggestion of mootness and traverse on March 7, 2024, and March 25, 2024, respectively. (Doc. Nos. 14, 15.)

Respondent filed another suggestion of mootness on September 10, 2024. (Doc. No. 16.) In this submission, Respondent indicated that the BOP released Gaye from incarceration on August 28, 2024. (Id. at 1.) Respondent argued that because no further relief was available to Gaye, his habeas petition was moot. (Id. at 1–2.)

In response to Respondent's suggestion of mootness, this Court issued an Order on September 30, 2024, which directed Gaye to show cause why the Court should not dismiss his habeas petition as moot. (Doc. No. 17.) The Court also denied Gaye's motion for summary judgment. (Id.) To date, Gaye has not responded to the Court's Order, and his time to do so has passed.

## II.     DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009)). "For a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the

2

[respondent] and likely to be redressed by a favorable judicial decision.'" Id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing DeFoy, 393 F.3d at 441); see also Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (explaining that mootness is "a doctrine that 'ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit,' and which is 'concerned with the court's ability to grant effective relief'" (quoting Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 476 (3d Cir. 2016) and County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001))).

  Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that [they] continue[] to suffer from secondary or collateral consequences of [their] conviction." See Abreu, 971 F.3d at 406 (citations omitted). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking [their] conviction while still serving the sentence imposed for that conviction [and] . . . where the[y are] attacking that portion of [their] sentence that is still being served." See id. (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)). Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences." See Abreu, 971 F.3d at 406 (citing Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009)). Instead, the Court "must 'address[] the issue of collateral consequences in terms of the 'likelihood' that a favorable decision would redress the injury or wrong.'" See id. (quoting Burkey, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" See id. (quoting Burkey, 556 F.3d at 148).

In this case, Gaye is not currently incarcerated. As such, the instant petition is generally moot due to his release from BOP incarceration. Although Gaye could still obtain judicial review of his federal sentence if he showed that he continued to suffer from secondary or collateral consequences of his conviction, he has failed to make such a showing by responding to the Court's Order. Accordingly, the Court concludes that Gaye's Section 2241 petition is moot.

## III. CONCLUSION

Accordingly, for the foregoing reasons, the Court will dismiss Gaye's Section 2241 petition as moot. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania